■ In the Matter of EFFRIN G., Also Known as LAMONT G.,

a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Westchester County (Spitz, J.), dated June 19, 1989, which, upon a fact-finding order of the same court, dated April 11, 1989, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crimes of resisting arrest, criminal mischief in the fourth degree (two counts), criminal possession of stolen property in the third degree, grand larceny in the third degree, reckless endangerment in the first degree (three counts), assault in the second degree (three counts), and attempted manslaughter in the first degree, adjudged him to be a juvenile delinquent and, *inter alia,* placed him on probation with the Westchester County Probation Department for a period of two years. The appeal brings up for review the fact-finding order dated April 11, 1989.

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant's adjudication as a juvenile delinquent stems from his participation in stealing a car and endangering the life of a police officer. On appeal he contends that the presentment agency failed to respond to his discovery demands pursuant to the Family Court Act § 331.2, thereby violating his constitutional due process rights *(see, People v Vilardi,* 76 NY2d 67). We disagree.

Family Court Act § 331.2 (1) in essence provides that upon a demand to produce by the appellant, the presentment agency shall disclose to the appellant and make available for inspection, copying, or testing a wide range of items specified therein. Family Court Act § 331.2 (6) provides that any refusal to comply with a demand to produce be made in writing. Furthermore, Family Court Act § 331.3 provides for discovery upon motion to the court where there has been noncompliance with a demand to produce and Family Court Act § 331.6 deals with discovery sanctions in the event of noncompliance.

Examination of the appellant's Demand to Produce reveals that it does not contain any request for slug casings or slugs discharged from Police Officer Nannariello's gun. Nor was a motion made pursuant to Family Court Act §§ 331.3 and 331.6. Additionally, there is evidence in the record that the appellant was informed of the location of the clothing taken from him, as well as the slugs and slug casings, about three months before the fact-finding hearing.

With reference to the ballistics report, the court specifically directed the respondent to make the ballistics report available to the appellant before the commencement of the fact-finding hearing. No objection was taken to the court's direction. There was ample opportunity to inspect the ballistics report, which was furnished approximately six weeks prior to the testimony of the appellant's ballistics expert.

Viewing the evidence in the light most favorable to the respondent, we find that it is legally sufficient to establish the "physical injury" element of the crime of assault in the second degree beyond a reasonable doubt *(see, People v Contes,* 60 NY2d 620; *People v Smith,* 176 AD2d 904; *People v Barham,* 170 AD2d 270).

The evidence reveals that Police Officer Nannariello was struck in the legs by the stolen automobile driven by the appellant, thrown onto the hood, and, in spite of the officer's screams for the appellant to stop the car, he was carried on the hood as the automobile proceeded at a high rate of speed, eventually swerving and throwing him to the pavement. Police Officer Nannariello testified that he experienced extreme pain and that he was admitted to the hospital where he remained for three days.

The hospital record documents complaints of pain, and notes swelling of the ankles, cerebral hemorrhage, multiple contusions, concussion, dizziness, and back pain. Police Officer Nannariello also testified that he continues to experience problems with his back necessitating bi-weekly visits to a chiropractor.

Moreover, upon the exercise of our factual review power, we are satisfied that the finding of guilt was not against the weight of the evidence.

We have examined the appellant's remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Harwood and Pizzuto, JJ., concur.